# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| ISRAEL MOSES JONES, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | CV418-024 |
| ANTONIO CALDWELL, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Convicted after a jury trial of burglary, armed robbery, and impersonating a police officer, Israel Moses Jones has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging various defects in his state criminal cases. Doc. 1. He also seeks leave to file his § 2254 petition *in forma pauperis* (IFP). Doc. 2. Finding him indigent, the Court **GRANTS** his IFP motion. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition must be dismissed.

Jones' state habeas petition was denied on March 14, 2016. *See* doc. 1 at 3. His appeal to the Georgia Supreme Court (or perhaps petition for a certificate of probable cause to appeal, as his petition is unclear) remains pending, a delay that he finds unacceptable. *Id*. at 5

(arguing due process has been violated due to the Georgia Supreme Court's two-year delay in "adjudicating . . . the appeal."). So Jones seeks federal habeas relief instead, arguing that the Court should either reach the merits *sua sponte* -- as the state courts have proved unable to do so speedily enough for his satisfaction -- or impose a deadline on the state habeas courts. *Id.* at 6.

Before seeking § 2254 relief, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").

Jones, by his own admission, has yet to do that. He must fully exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented."  28 U.S.C. § 2254(c) (emphasis added).  That includes awaiting the Georgia Supreme Court's final

decision on his appeal, even if that process takes longer than he prefers. This Court cannot step in and "excuse" Jones' failure to exhaust simply because he is impatient.[1]  Doc. 1 at 5; *see Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir. 1983) (allowing simultaneous federal and state habeas proceedings offends the principles of comity that underlie the exhaustion requirement).

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4, Rules Governing Section 2254 Cases.  Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.[2]

This Report and Recommendation (R&R) is submitted to the

---

[1] Excessive delay can excuse the exhaustion requirement. *See Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) (exhaustion can be waived as futile where the state court has delayed relief without explanation or reason).  But less than a two-year delay for a ruling on the merits, without more, does not bring Jones under the futility exception to § 2254. *See, e.g., Hughes v. Stafford*, 780 F.2d 1580, 1582 (11th Cir. 1986) (even an eight year delay is not enough).  This Court should not intervene in the proceedings yet pending before the Georgia Supreme Court. *Jackson v. Walker*, 206 F. App'x 967, 968-69 (11th Cir. 2006) ("Even in cases where the claims of defects in the state correctional system presented by a prisoner may 'rise to a constitutional level involving the denial of due process,' our precedent has expressed a desire that such claims be first presented in a state forum." *Reynolds v. Wainwright*, 460 F.2d 1026, 1027 (5th Cir. 1972)).

[2] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see*

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this __6th__ day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA